UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

TELISHA BLAKNEY, AARON TYLER and    Case No. 22 CV 4303
DESTINY JONES,

          Plaintiffs,

                                   **COMPLAINT**

    -against-

THE CITY OF NEW YORK, P.O. STEPHANIE    JURY DEMAND
PEREZ [SHIELD #15766], and JOHN DOE AND
JANE DOE #1-15 (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

               Defendants.
--------------------------------------------------------------------X

Plaintiffs, TELISHA BLAKNEY, AARON TYLER and DESTINY JONES, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Stephanie Perez [Shield #15766], and John Doe and Jane Doe #1-15 (collectively, "Defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiffs timely made and served their respective notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant P.O. Stephanie Perez [Shield #15766] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

11.     Defendants John Doe and Jane Doe #1-15 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12.     Defendants Perez, and John Doe and Jane Doe #1-15 are collectively referred to herein as "defendant officers".

13.     At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     On or about April 22, 2021, at approximately 5:30 a.m., defendant officers, acting in concert, arrested the plaintiffs without cause at 919 Myrtle Avenue, Apt. 15K, Brooklyn, New York ("premises"), and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

2

15.     Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16.     Initially, plaintiff Blakney is the tenant listed on the record for the premises together with her children including plaintiff Tyler, Tyrone Blakney, and Asia Tyler.

17.     At all times material to this Complaint, plaintiffs Blakney and Tyler are the only residents of the premises as Tyrone and Asia have long moved out of the premises.

18.     Plaintiff Blakney, however, is the *only* individual that has the key to the entrance door of the premises.

19.     Plaintiff Blakney became disabled in approximately 2012.

20.     Since 2012, plaintiff Blakney has been confined inside the premises except on the rare occasions when plaintiff Tyler would take her outside for a medical appointment or to the stores.

21.     At all times material to this Complaint, plaintiff Jones was a lawful visitor to the premises.

22.     The premises is a three-bedroom apartment comprising, among other things, a living room, three bedrooms, a kitchen, and a bathroom.

23.     Plaintiff Blakney and her children moved into the premises in or about 1994, and she and plaintiff Tyler have consistently resided therein since that time.

24.     Prior to the arrest, defendant officers broke down the entrance door and stormed into the premises with their weapons drawn.

25.     Defendant officers also broke down and/or damaged the doors to each of the three bedrooms even though the doors were unlocked at the time.

26.     Upon storming into the premises, defendant officers immediately handcuffed the plaintiffs except for plaintiff Blakney who is disabled.

27.     Defendant officers proceeded to remove plaintiff Blakney from her bedroom and placed her inside the kitchen.

28.     Defendant officers also removed plaintiffs Tyler and Jones from plaintiff Tyler's bedroom where they were located and placed them inside the kitchen.

29.     Defendant officers directed each plaintiff to sit right next to a dining table which was located inside the kitchen.

30.     Plaintiffs Tyler and Jones complained that the handcuffs were too tight and were causing them to experience pain and numbness.

31.     Plaintiffs pleaded with defendant officers to remove or loosen the handcuffs.

32.     Defendant officers refused plaintiffs' entreaties to remove or loosen the handcuffs.

33.     Defendant officers subjected the plaintiffs to an illegal search.

34.     Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

35.     Defendant officers further subjected the premises to an illegal search trashing the premises in the process.

36.     Defendant officers even picked up a trash can which was located in front of the entrance door and emptied the whole trash on the kitchen floor.

37.     Defendant officers did not recover any contraband from their unlawful search of the premises.

38.     At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiffs saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

39.     At all times material to this Complaint, plaintiff Blakney requested water and the opportunity to take her medications.

40.     Defendant officers denied plaintiff Blakney's request for water and the opportunity to take her medications.

41.     At all times material to this Complaint, plaintiff Blakney requested permission to use the bathroom.

42.     Defendant officers denied plaintiff Blakney's request to use the bathroom until a few minutes prior to their departure when a female officer ultimately escorted her to the bathroom and stood right in front of the bathroom's door watching over her.

43.     Prior to their departure, defendant officers sought the plaintiffs' consent and presented plaintiff Blakney with a paper for her signature authorizing the illegal search.

44.     At all times material to this Complaint, plaintiffs did not authorize the search and plaintiff Blakney did not sign any paper authorizing the illegal search.

45.     Eventually, defendant officers provided plaintiff Blakney with a piece of paper which they claimed to be a search warrant authorizing the illegal search.

46.     Upon information and belief, an individual named Louis Sims was the subject of the purported search warrant.

47.     At all times material to this Complaint, the individual named Louis Sims did not, and does not, reside at the premises.

48.     At all times material to this Complaint, the individual named Louis Sims did not, and does not, have the key to the entrance door to the premises.

49.     At all times material to this Complaint, the individual named Louis Sims did not, and does not, have access to the premises.

50.     At all times material to this Complaint, the individual named Louis Sims did not enter the premises and did not, and does not, have any reason to enter the premises.

51.     In addition to trashing the premises and damaging the doors, defendant officers broke the dining table located inside the kitchen.

52.     The broken pieces of the dining table fell on plaintiffs Tyler and Jones' legs causing them to sustain injuries.

53.     Plaintiff Tyler who had previously sustained serious injuries from an unrelated incident(s) and was experiencing serious pain on his legs requested permission to stand up and stretch out his legs.

54.     Defendant officers denied plaintiff Tyler's request to stand up and stretch out his legs.

55.     Eventually, after detaining the plaintiffs for a lengthy period of time, defendant officers terminated the illegal search and summarily released the plaintiffs from their unlawful detention.

56.     Upon information and belief, defendant officers eventually went to Louis Sims' apartment a few days later, performed a search of the apartment, and ultimately arrested him and his brother.

57.     Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

58.     Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

59.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

60.     As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

61.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62.     The conduct of defendant officers, as described herein, amounted to false arrest.

63.     Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

64.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

65.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

67.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

68.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers</u>

69.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     The conduct of defendant officers, as described herein, amounted to unlawful entry.

71.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

72.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers</u>

73.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     Defendant officers subjected plaintiff to unreasonable search & seizure.

75.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

76.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

77.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.     Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

79.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

80.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

81.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

82.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     Defendant officers denied the plaintiffs treatment needed to remedy their serious medical conditions and did so because of their deliberate indifference to plaintiffs' need for medical treatment and care.

84.      Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

85.      Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

86.      By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87.      That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

88.      Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

89.      Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

90.      Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8,11 & 12 - against defendants

91.      By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.      By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of

laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

93.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

94.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

95.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

96.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

98.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY)</u> - <u>against defendants</u>

99.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain.

101.    The conduct of the defendants, as described herein, amounted to assault and battery.

102.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>ELEVENTH CAUSE OF ACTION: TORTS (TRESPASS)</u> - <u>against defendants</u>

103.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.    Defendants unlawfully entered into the premises.

105.    Defendants performed an unlawful search of the premises, and subjected plaintiffs to unreasonable searches and seizures.

106.    The conduct of defendants, as described herein, amounted to trespass.

107.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP)</u> - <u>against defendants</u>

108.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.    Defendants failed to properly care, supervise and protect the plaintiffs, failed to ensure the plaintiffs' health and safety, were careless and reckless in searching the plaintiffs and the premises, and were careless and negligent in their treatment of the plaintiffs and their properties.

110.    The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

111.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

112.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

114.    Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the search, arrest, assault, detention and imprisonment by defendants.

115.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

116.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117.    Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, reasonable search of individuals and/or their properties, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

118.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

119.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

120.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

121.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

122.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
        July 21, 2022

UGO UZOH, P.C.


By:   Ugochukwu Uzoh
        Attorney for the Plaintiffs
        56 Willoughby Street, Third Floor
        Brooklyn, New York 11201
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com